THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 1:25 CR 588-1 |
| | ) | |
| PLAINTIFF, | ) | CHIEF JUDGE SARA LIOI |
| | ) | |
| v. | ) | SENTENCING MEMORANDUM |
| | ) | |
| ADAM D. HALL, | ) | |
| | ) | |
| DEFENDANT. | ) | |
| | ) | |

Counsel for Adam Hall respectfully submits this Sentencing Memorandum to assist the Court in fashioning a sentence that is "sufficient, but not greater than necessary," to comply with the purposes of sentencing as set forth in 18 U.S.C. § 3553(a). Mr. Hall needs counseling to address early childhood trauma. Additionally, Counsel respectfully urges this Court to consider the average sentence length to prevent a disproportionate sentence. The average sentence for similar offenders is 67-71 months. *See* https://www.ussc.gov/sites/default/files/pdf/research-and-publications/quick-facts/Felon_In_Possession_FY24.pdf?utm_source=copilot.com.

I.      **Relevant Facts**

Mr. Hall was found guilty of being a felon in possession of a firearm under 18 U.S.C. § 922(g)(1). To sustain that conviction, the United States was required to prove that Mr. Hall had previously been convicted of a crime punishable by imprisonment for more than one year; that he knowingly possessed a firearm or ammunition; that he knew of his prohibited status at the time of possession; and that the firearm or ammunition had traveled in or otherwise affected interstate or foreign commerce. Mr. Hall maintains his positions regarding the pretrial and trial proceedings and intends to file an appeal following the issuance of judgment.

## II.      Outstanding Objections

A.  Uncertainty Regarding *Mens Rea* of Domestic Violence Conviction.

Mr. Hall objects to the Probation Department's use of the prior domestic-violence conviction in Cuyahoga County Case No. CR-12-560970 as a predicate "crime of violence" for purposes of calculating an offense level based on two prior felony convictions. Although the indictment references Ohio Revised Code "§ 2919.25 A," the charging language itself appears to allege conduct that sounds in recklessness rather than in the intentional or knowing use of force. Ohio's domestic-violence statute distinguishes between subsection (A), which requires knowingly causing or attempting to cause physical harm, and subsection (B), which covers recklessly causing serious physical harm. Because the actual indictment appears inconsistent with the subsection label and does not establish that Mr. Hall necessarily admitted or was convicted of intentional or knowing force against another, the conviction should not be used as a qualifying prior offense of violence under U.S.S.G. § 4B1.2. Under *Borden* and the Sixth Circuit authority cited below, reckless conduct does not satisfy the elements clause requiring the deliberate or volitional use of physical force against another person. Accordingly, the Court should sustain the objection and calculate the base offense level without treating that domestic-violence conviction as one of the two prior felony crimes of violence.

2

**Cuyahoga County Court of Common Pleas**
**Criminal Court Division**

| State of Ohio, | | A True Bill Indictment For |
|---|---|---|
| | Plaintiff | **Aggravated Burglary - F1** §2911.11(A)(1) |
| VS. | | |
| Adam Deshawn Hall, | | |
| | Defendant | 2 Additional Count(s) |

| Dates of Offense (on or about) August 14, 2015 | The Term Of May of 2015 | | Case Number 598480-15-CR |
|---|---|---|---|

The State of Ohio, } SS.
Cuyahoga County

CR15598480-A          90676482

| **Count One** | **Aggravated Burglary - F1** §2911.11(A)(1) |
|---|---|
| **Defendants** | Adam Deshawn Hall |
| **Date of Offense** | On or about  August 14, 2015 |

*The Jurors of the Grand Jury of the State of Ohio, within and for the body of the County aforesaid, on their oaths, IN THE NAME AND BY THE AUTHORITY OF THE STATE OF OHIO, do find and present, that the above named Defendant(s), on or about the date of the offense set forth above, in the County of Cuyahoga, unlawfully*

did, by force, stealth, or deception, trespass, as defined in section 2911.21(A)(1) of the Revised Code, in an occupied structure or in a separately secured or separately occupied portion of an occupied structure, when Phylicia Williams &/or Gloria Clark, a person other than the accomplice, was present, with purpose to commit in the structure or in the separately secured or separately occupied portion of the structure a criminal offense, to wit: Domestic Violence, RC 2919.25 A, and the offender recklessly inflicted, or attempted or threatened to inflict physical harm on Phylicia Williams.

*The offense is contrary to the form of the statute in such case made and provided, and against the peace and dignity of the State of Ohio.*

Above is a copy of page one of the indictment in the domestic violence case, available from the Cuyahoga County Case. The indictment states "recklessly inflicted." And the journal entry states that he pleaded guilty to the offense in the indictment.

The Supreme Court has held that reckless offenses fall within a different statutory definition. *See Borden v. United States*, 593 U.S. 420, 428-429, 141 S.Ct. 1817, 210 L.Ed.2d 63 (2021)."Under § 4B1.2, therefore, the force's application to another person must be volitional or deliberate. Thus, § 4B1.2 requires a *mens rea*—not only as to the employment of force, but also as to its *consequences*—that the provision in *Voisine* did not. That requirement is met if the actor intends (*i.e.*, "consciously desires") to apply force to the person of another. *See United States v. Walli*, 785 F.3d 1080, 1084 (6th Cir. 2015). And as a practical matter the requirement is met if the actor knowingly applies force to the person of another (*i.e.*, if he knows that his "action is

3

practically certain to cause that result"). *Id.* For one "may *infer* that a defendant consciously desires a result if he knows that result is practically certain to follow from his conduct." *Id.* (internal quotation marks and citation omitted). An actor who intentionally or knowingly applies physical force to the person of another, therefore, does so volitionally—which is to say he engages in a "use . . . of physical force against the person of another[.]" U.S.S.G. § 4B1.2(a)(1)." *United States v. Harper*, 875 F.3d 329, 331 (6th Cir.2017)

B. Offender Registration

There is no verification of the extent, if any, to which the required registration period has been tolled. Although it is possible that the registration period for required offenders may be tolled, there is no indication that any such tolling has occurred. The 2010 case established the date of the court entry, which suggests that the 15-year registration period began on June 20, 2011, and would have expired, without any tolling, on June 21, 2026. *See* Excerpt from Digital Order [**Defendant *** for a period of 15 years *** ordered released 6/20/2011, Case CR-10-541951-A, Cuyahoga County.] Therefore, it is asserted that the registration period has elapsed and that the assessment for an offense that occurred so long ago is unnecessary.

III.    **Requested Recommendations**

Mr. Hall requests a specific placement recommendation within the BOP. The Court's recommendation carries significant weight in the placement process. Mr. Hall would appreciate a recommendation to FCI Elkton, a low-security facility. If, based on the BOP designation and sentence computation process, he is ineligible for a low-security facility, he alternatively requests placement recommendation to FCI Beaumont in Texas. His sister, Ms. May, lives about an hour from Beaumont and would be able to visit him on occasion and help him transition back into society after his release.

4

Ms. May, Mr. Hall's sister, indicated that he carries significant childhood trauma and that his life has been very difficult. It may be very valuable for Mr. Hall to receive counseling. His issues may ease over time with active counseling and appropriate grieving. He lost his mother to cancer and his brother to violence. His father abandoned him, and he had to provide for his family even though he was still a child. His sister recalls that Adam provided for the family when they had nothing and instilled family values in his siblings. Thus, counseling and mental health assistance could significantly help Adam.

**IV.     Conclusion**

Adam Hall requests that the Court consider his arguments and objections and impose a fair and just sentence for offenders in similar situations, with due consideration of his extremely difficult childhood. Hall further requests that the Court recommend a prison facility that will limit additional trauma and/or permit family visitation due to its location.

Respectfully submitted,

*/s/Robert Duffrin*
Attorney Robert Duffrin #0061784
Attorney for Defendant
4450 Belden Village Street, NW #208
Canton, OH 44718
P: (330) 454-2136
duffrin@whalenduffrinlaw.com

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that a copy of the foregoing Sentencing Memorandum was filed electronically with the Court on this 14th day of July 2026.  Notice of this filing will be sent through the operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. mail. Parties may access this filing through the Court's system.

*/s/Robert Duffrin*
Attorney Robert Duffrin #0061784
Attorney for Defendant