IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 1:25CR588 |
| | ) | |
| Plaintiff, | ) | CHIEF JUDGE SARA LIOI |
| | ) | |
| v. | ) | |
| | ) | |
| ADAM HALL, | ) | |
| | ) | UNITED STATES' SENTENCING |
| Defendant. | ) | MEMORANDUM |

The United States of America, by and through its counsel, David M. Toepfer, United States Attorney, and Joseph H. Walsh and Margaret A. Kane, Assistant United States Attorneys, respectfully submits this memorandum in advance of Defendant Adam Hall's sentencing.  For the reasons noted below, the United States recommends that the Court sentence Defendant to 90 months' imprisonment and three years of supervised release.

## I.   OFFENSE CONDUCT

On October 3, 2025, Cleveland Police Officers were dispatched to a Cleveland home after the home's female resident reported to 911 that a suspicious, unknown man was lurking around her house.  The resident reported that the man had been ringing her doorbell and knocking on her windows, and that he was dressed in all black, was wearing a mask, was carrying a backpack, and would not leave her backyard.  The caller said she was so scared that she grabbed her own gun for protection.

Officers arrived at the home several minutes after the 911 call.  In the backyard, officers found the lurking man dressed in black, who was later identified as Defendant Adam Hall. Officers immediately instructed Defendant to show his hands and put them in the air, but he refused and began to walk around the home's garage.  While circling the garage, officers tried to

detain Defendant but he resisted, exclaiming that he was a "sovereign."  Defendant then fought officers' attempts to detain him.  During that struggle, officers felt a firearm in Defendant's waistband.  Once alerted to the firearm, officers continued to struggle with Defendant until they handcuffed him and retrieved a loaded Kel-Tec 9mm pistol (Serial No. RZW07) from his pants.  After recovering the firearm, officers searched Defendant and his backpack and found a broken magazine, ammunition, identification cards, knives, suspected narcotics, and a condom.

Defendant was prohibited from possessing the recovered Kel-Tec firearm due to his past convictions for burglary, domestic violence, and drug trafficking.

## II.     SENTENCE

A well-established legal framework guides the Court's sentencing decision, and the advisory Guidelines range serves as "the starting point and the initial benchmark."  *Gall v. United States*, 552 U.S. 38, 49 (2007).  Together with the Guidelines, the Court considers the statutory factors set forth in 18 U.S.C. § 3353(a).  Ultimately, the Court's task is to impose a sentence that is "sufficient, but not greater than necessary[.]"  18 U.S.C. § 3353(a).

### A.     Sentencing Guidelines & Defendant's Objections.

As reflected in the chart below, the government agrees with Probation's Guidelines calculation.  Defendant's total offense level is 24, and his criminal history category is IV.  That combination results in an advisory Guidelines range of 77-96 months' imprisonment.

| U.S.S.G. § 2K2.1: Unlawful Receipt, Possession, or Transportation of Firearms or Ammunition; Prohibited Transactions Involving Firearms or Ammunition | | |
|---|---|---|
| Base offense level: Hall unlawfully possessed a firearm subsequent to at least two felony convictions of a crime of violence or controlled substances offense | 24 | § 2K2.1(a)(2) |
| Total before acceptance | 24 | |
| Acceptance of responsibility | N/A | |
| **Total** | **24** | |

2

Consistent with Probation's report (R. 57: PSR at. pp. 33-34), the Court should reject Defendant's objections to the above Guidelines calculation.  Defendant's prior domestic violence conviction under Ohio Revised Code § 2919.25(A) is a crime of violence under the Guidelines. *See United States v. Mitchell*, No. 21-3896, 2022 WL 12230276, at *3 (6th Cir. Oct. 21, 2022) ("[W]e hold that Mitchell's prior felony convictions of domestic violence in violation of Ohio Revised Code § 2919.25(A) are violent felonies under the ACCA's § 924(e) and crimes of violence under the Guidelines § 4B1.2[.]") (citations omitted); *see also United States v. Melendez-Perez*, No. 1:19-CR-184-2, 2026 WL 668275, at *3 (N.D. Ohio Mar. 10, 2026) ("Melendez-Perez would still qualify as a career offender under the guidelines (and ACCA) because his domestic violence convictions under Ohio Rev. Code § 2919.25(A) required a finding that he acted 'knowingly' and not 'recklessly' as Melendez-Perez suggests.  These predicate offenses, therefore, would still serve to enhance Melendez-Perez's sentence[.]").[1]

The Court should also reject Defendant's other PSR objections.  (R. 57: PSR, p. 33).  As Probation correctly noted, under 18 U.S.C. § 3661, there is "[n]o limitation" on what the Court may consider at sentencing "concerning the [Defendant's] background, character, and conduct."  The Court may therefore consider facts established at trial regarding Defendant's background and conduct, other information included in police reports, and past criminal charges against Defendant that were ultimately dismissed.  The Court may also consider that the Cuyahoga County Sex Offender Unit reported to Probation that Defendant must register as a sex offender until at least 2027.

---

[1] Defendant's relevant domestic violence conviction was in Cuyahoga County Common Pleas Case No. CR-15-598480-A.  Defendant's objection lists an incorrect case number that corresponds with Defendant's 2012 drug trafficking conviction, and the image copied into Defendant's sentencing memorandum relates to Defendant's *burglary* conviction.

**B.** **The Section 3553(a) factors weigh in favor of a Guidelines sentence of 90 months' imprisonment.**

The government recommends that the Court impose a Guidelines sentence of 90 months' imprisonment because such a sentence is warranted under the 3553(a) factors.

*Nature and Circumstances of Offense.*  Defendant's offense conduct weighs in favor of a significant Guidelines sentence.  In short, Defendant committed a dangerous crime and his offense conduct shows that he is a public danger.  Defendant illegally possessed a loaded handgun, while he simultaneously carried knives, ammunition, and a condom.  Even more, Defendant's offense involved terrorizing a homeowner, disregarding police commands, fighting with officers, and threatening to kill an officer and his family.  Such menacing and violent conduct—which Defendant has never accepted responsibility for—warrants a sentence near the high-end of Defendant's Guidelines range.

*Defendant's History & Characteristics.*  Defendant's expansive criminal history also supports a serious sentence.  Since 1998, Defendant has accumulated 17 felony convictions and numerous probation violations.  This case marks Defendant's 18th felony and first federal conviction.  Defendant's criminal record shows that he has a history of drug trafficking, a history of unlawfully carrying firearms, and most troubling of all, a history of committing violence against women.

Since 2010, Defendant has been convicted of four crimes involving physical violence, or threats of violence, against women.  He was first convicted of gross sexual imposition after pushing, fighting, and sexually assaulting a woman.  Due to that conviction, Defendant must register as a Tier 1 sex offender.  In 2015, Defendant was convicted of two domestic violence offenses.  The first such offense was a first-degree misdemeanor that involved vicious behavior—Defendant kicked the victim's door, choked her with a bat, banged her head on the

4

ground, and was observed "punching the victim 'like a man.'"  (R. 57: PSR, p. 15).  One month after that crime, Defendant committed felony domestic violence.  That offense involved a similar level of violence, with Defendant pushing the victim against a wall, pulling her outside, and choking her on a home's porch.  Then, in 2019, Defendant broke into his ex-girlfriend's house and threatened to kill her if she called the police.  When police arrived on scene, Defendant refused officers' commands and threatened to kill officers and their families.

The government emphasizes Defendant's history because it underpins the government's sentencing recommendation.  Defendant deserves a high-end sentence.  His history demonstrates that he has yet to be deterred from criminal conduct; that he still holds no regard for the law; and that he is a dangerous criminal that the public should be protected against.

*Need for Sentence.*  A 90-month sentence is also warranted when considering the need for a sentence in this case.  First and foremost, the Court's sentence must protect the public from Defendant, a dangerous recidivist who has a history of committing violence against women and who was arrested in this case while carrying a gun, knives, and a condom.  A 90-month sentence would also hopefully afford Defendant an opportunity to rehabilitate himself and put him on a path to a law-abiding life.  Such a sentence would also provide just punishment, promote the rule of law, and levy necessary deterrence.  Although Defendant has never expressed any acceptance or remorse for his offense, the Court's sentence should convey to Defendant that his criminal activity must stop.

*Sentencing Disparities*.  Finally, the government's recommendation is within the advisory Guidelines range and would not create any unwarranted sentencing disparities.  Although a 90-month sentence is higher than the average and median sentences for like defendants, Defendant's offense conduct, history, and lack of remorse warrant an above-average sentence.

<div style="margin-left:40%">

Respectfully submitted,

DAVID M. TOEPFER
United States Attorney

By:  /s/ Joseph H. Walsh
Joseph H. Walsh (OH: 0095822)
Margaret A. Kane (OH: 0082084)
Assistant United States Attorney
801 West Superior Avenue, Suite 400
Cleveland, OH 44113
(216) 622-3833
Joseph.Walsh@usdoj.gov

</div>

**CERTIFICATE OF SERVICE**

I hereby certify that, on July 14, 2026, a copy of the foregoing document was filed electronically.  Notice of this filing will be delivered to the parties by the Court's electronic-filing system.  A copy of this filing will also be mailed to Defendant via U.S. Mail at the address below:

Adam Hall
Inmate No. 39277-512
Northeast Ohio Correctional Center
2240 Hubbard Road
Youngstown, Ohio 44505

/s/ Joseph H. Walsh
Joseph H. Walsh
Assistant United States Attorney

7